UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PETER ROY ALFRED, JR.           CIVIL ACTION NO. 07-cv-2099

VERSUS           JUDGE HICKS

LSU HEALTH SCIENCE CENTER           MAGISTRATE JUDGE HORNSBY
SHREVEPORT, ET AL

**REPORT AND RECOMMENDATION**

**Introduction**

Peter Roy Alfred, Jr. ("Plaintiff") is an inmate housed at the Winn Correctional Center ("WCC"). He alleges that he was scheduled for surgery at the LSU Health Sciences Center to treat an umbilical hernia. He alleges that a Dr. Verron at the hospital refused to perform the surgery because prison officials at WCC had not provided Plaintiff with a CPAP machine to treat Plaintiff's sleep apnea. Plaintiff has filed a separate civil action against WCC officials for not providing the CPAP machine. See 07-cv-1785.

This complaint alleges that Dr. Verron had the authority to have Plaintiff admitted to the hospital, perform the hernia surgery, provide him a CPAP machine in the hospital, and keep Plaintiff in the hospital for so long as he might need the CPAP machine to recover. Plaintiff alleges that Dr. Verron's failure to do so was unlawful discrimination on the grounds that Plaintiff is an inmate, black, has HIV disease, and has a sleeping disorder. Dr. Verron allegedly told Plaintiff that she would not perform the surgery absent his ability to use a CPAP machine and that he should wait until he is released from prison, which date

is set at April 16, 2010. Plaintiff's complaint is filed on a Section 1983 form. He also asserts a violation of the Americans with Disabilities Act ("ADA"). He seeks $20,000,000 in compensatory and punitive damages, plus an injunction directing immediate hernia surgery. Before the court is a Motion to Dismiss (Doc. 26) filed by several defendants.

**Voluntary Dismissals**

The complaint lists as defendants LSU Health Sciences Center, State of Louisiana, (former) Governor Kathleen Blanco, Dr. Verron, the unknown president of LSU Health Sciences Center, and unknown/John Doe physician(s) at the hospital. The Motion to Dismiss raises objections to the lack or form of service with respect to Governor Blanco, LSU Health Sciences Center, and the State of Louisiana.

Plaintiff responded that he did not intend to name all those persons as defendants and that the unknown doctor, once his identity is established, will be used only as a witness. Therefore, Plaintiff asks that the court strike any reference to the LSU Health Sciences Center (or its Board of Supervisors), Governor Blanco, or unknown/John Doe as defendants. He adds that the only mention of the hospital that should be considered is the assertion that Dr. Verron was performing her duty while employed at the hospital and "under the hospital's insurance policy." No insurer is named. Based on Plaintiff's representation, it is recommended that all claims against LSU Health Sciences Center Shreveport, Governor Kathleen Blanco, unknown president of LSU Health Sciences Center, and any unknown doctors (Dr. John Doe) be dismissed.

Plaintiff did not specifically state that he wished to dismiss or strike his claims against the State of Louisiana, but the State is entitled to Eleventh Amendment immunity from any Section 1983 claims. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312 (5th Cir. 1999). That immunity does not prevent the state from being held liable for money damages under Title II of the ADA if the alleged conduct actually violates the ADA and the Fourteenth Amendment. U.S. v. Georgia, 126 S.Ct. 877 (2006). Plaintiff has not, however, alleged any basis for ADA liability separate from the claims against Dr. Verron. Accordingly, if the claims against Dr. Verron fail, then the claims against the state must also be dismissed.

**Dr. Verron**

Plaintiff alleges that Dr. Verron's actions violated the Eighth Amendment's ban on cruel and unusual punishment. For a convicted prisoner or pretrial detainee to prevail on a claim that his medical care (or lack of care) violated the Constitution, he must prove that prison officials were "deliberately indifferent" to his "serious medical needs." Estelle v. Gamble, 97 S.Ct. 285, 291 (1976). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle, 97 S.Ct. at 291-92. Disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a constitutional claim for indifference to medical needs. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

Dr. Verron argues that Plaintiff has not stated a claim and that she is entitled to qualified immunity. An individual defendant is entitled to qualified immunity from claims for money damages unless the facts alleged, taken in a light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right that was clearly established at the time of the violation. See Saucier v. Katz, 121 S.Ct. 2151 (2001). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002)(en banc). In a Rule 12(b)(6) contest, that means the Plaintiff must point to portions of his complaint "that state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." Babb v. Dorman, 33 F.3d 472, 477 (5th Cir. 1994).

Plaintiff alleges that Dr. Verron refused to do the scheduled surgery because Plaintiff did not have access to a CPAP machine that would ensure that Plaintiff could breathe safely during his recovery time at WCC. Plaintiff disagrees with that medical decision and urges that Dr. Verron could and should have hospitalized him for the duration of his recovery so that he would have access to a CPAP machine. Plaintiff alleges that, in the meantime, he experiences pain when he tries to lift or strain, and he attributes constipation and blood in his stool to the hernia. Complaints about those symptoms were made to prison officials in grievances, but there is no allegation as to Dr. Verron's knowledge of Plaintiff's condition after the surgery was refused.

It is often preferable to resolve such claims by summary judgment, so that the court is favored with the testimony of the physician to explain her actions. In this case, it appears that the claim against Dr. Verron is also capable of resolution by motion to dismiss. Plaintiff alleges that the physician declined to perform surgery because of what is a facially plausible medical reason. Plaintiff alleges that the physician should have gone to extraordinary lengths and expense to find a way to do the surgery anyway, but the medical condition at issue was not an emergency or so obviously serious that a physician who did not resort to those lengths would be characterized as engaging in the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Plaintiff has merely alleged a disagreement with his physician's medical judgment, which does not state an Eighth Amendment claim capable of overcoming qualified immunity.

Deliberate indifference is "an extremely high standard to meet," and even acts that may be medical malpractice are not necessarily sufficient to meet the standard. Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). A decision whether to provide additional treatment "is a classic example of a matter for medical judgment." Domino v. Texas Dep't of Crim. Justice, 239 F.3d 752, 756 (5th Cir.2001) (quoting Estelle, 97 S.Ct. at 293). Plaintiff's allegations do not set forth specific facts that depict deliberate indifference adequate to overcome qualified immunity.[1]

---

[1] Plaintiff has alleged in his complaint filed against WCC officials in 07-cv-1785 that "Doctors from LSU Sleep Clinic and Medical Staff has wrote a order for Plaintiff to have a C-PAP breathing to wear each and every night while Plaintiff sleeps." Records

Plaintiff also alleges that Dr. Verron "discriminated" against him because he is an inmate, black, has HIV disease, and has a sleeping disorder. Complaint, ¶ 6. Plaintiff does not allege any particular facts to support those conclusions. To state an equal protection or other claim that relies on intentional discrimination, Plaintiff must allege facts that at least establish a plausible connection between Dr. Verron's actions and Plaintiff's race, inmate status, and health status. Mere "labels and conclusions" are not enough to survive pleadings review. See Malik v. Continental Airlines, Inc., 2008 WL 4851207, *4 (5th Cir. 2008) (dismissing race and religious discrimination claims based on similar conclusory claims). All such claims asserted in this case should be dismissed.

Plaintiff alleges that Dr. Verron violated the ADA "by denying the plaintiff the surgery at the hospital, and the hospital is at fault also because they employed Doctor Verron at their hospital." Complaint, ¶ 21. Plaintiff argues in his memorandum in opposition (Doc. 34) to the motion to dismiss that his HIV status, sleep apnea, and other health problems "should not stop a hernia surgery from being performed on Plaintiff." Plaintiff adds a suggestion that hernia surgeries are performed every day on people with medical problems like his or worse. "Therefore ADA is a proper claim to put against Defendants."

---

suggest that prison officials did provide a machine in May 2008. Plaintiff has complained about the size of the mask and whether the machine has been tampered with. Medical records filed in that case indicate that Plaintiff's hernia, apnea, and other health issues have been treated frequently by prison medical staff (51 sick calls), outside physicians (26 visits to consulting hospitals), and a sleep clinic. Those claims are pending cross motions for summary judgment in the Alexandria Division.

This court has previously held that an individual state employee may not be sued in her personal capacity directly under the ADA. Pitre v. David Wade Correctional Center, 2008 WL 466160, *4 (W.D. La. 2008). To the extent a claim under Title II or other provisions of the ADA could lie against Dr. Verron in another capacity, Plaintiff's allegations do not state an ADA claim upon which relief may be granted. Plaintiff began his complaint by alleging that Dr. Verron refused to perform the surgery because of the lack of a CPAP machine. The allegations that she was actually motivated by Plaintiff's HIV status or other health conditions are, like the allegations of discrimination, purely conclusory and contrary to Plaintiff's central allegation. Absent some supporting facts to suggest that Dr. Verron was motivated by Plaintiff's disability status (which will be assumed for current purposes), the claim should not survive pleadings review. See Davidson v. Texas DCJ, 91 Fed. Appx. 963 (5th Cir. 2004) (affirming dismissal as frivolous inmate's Section 1983 and ADA claims based on lack of particular treatment that he desired for his hepatitis).

Accordingly;

**IT IS RECOMMENDED** that the Motion to Dismiss (Doc. 26) be **granted** and that all claims against all defendants be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of December, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE